175 F.3d 254
 Ruth L.R. LEVY, Garry Roemer, Anthony Carlo, George P.
Cullen, Raymond Gast, Despina Hatzelis, Donald Lopes, Gerald
T. Maguire, Bernard Rashes, Michael Savino, Thomas Repasch,
Ernest Arciello, Harvey Freeling, James R. Bradley, Edwin B.
Griffin, Richard Schlitt, Robert G. Murray, Amy Hutner, John
Patrick Harrison, Allen W. Gendler, Rudolf Plessing, and
James D. Van Blarcom, Plaintiffs-Appellants,
v.
UNITED STATES GENERAL ACCOUNTING OFFICE, Defendant-Appellee.
 Docket Nos. 98-6147, 98-6173.
 United States Court of Appeals,
Second Circuit.
 Argued April 9, 1999.
Decided April 26, 1999.
 
 Jonathan C. Moore, Moore & Williams (Norman Levy, Lore & Levy, New York, New York, of counsel), New York, New York, for Plaintiffs-Appellants.
 Kay K. Gardiner, Assistant United States Attorney (Mary Jo White, United States Attorney for the Southern District of New York; Nancy G. Milburn, Steven M. Haber, Assistant United States Attorneys, of counsel), New York, New York, for Defendant-Appellee.
 Before: WINTER, Chief Judge, NEWMAN, and SOTOMAYOR, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this consolidated appeal, appellants other than Ruth L.R. Levy (the "Roemer Appellants") appeal from Judge Mukasey's order dismissing their complaint in Roemer v. United States Gen. Accounting Office, No. 97 Civ. 4488(MBM) ("the Roemer Complaint") as time barred. All appellants appeal from the district court's dismissal of the Roemer Appellants as plaintiffs in an amended complaint filed in Levy v. United States Gen. Accounting Office, No. 97 Civ. 4016(MBM) (the "Levy Amended Complaint"), also because their claims were time barred. We affirm for substantially the reasons stated by the district court in its holding with regard to the single filing rule. See Levy v. United States Gen. Accounting Office, No. 97 Civ. 4016(MBM), No. 97 Civ. 4488(MBM), 1998 WL 193191 (S.D.N.Y. Apr.22, 1998). We agree that it does not apply because the Roemer Appellants filed timely charges of discrimination with the General Accounting office ("GAO"). They were notified of the GAO's final decision on their claims, and the Roemer Complaint was not filed within ninety days of that final decision. See id. at * 2-* 4. We also agree with the district court, for substantially the reasons it stated, that the claims of the Roemer Appellants in the Levy Amended Complaint do not relate back to Levy's timely complaint. Levy did not seek to add the Roemer Appellants as plaintiffs because of a mistake, as required by Fed.R.Civ.P. 15(c)(3)(B). Rather, Levy sought to add them because the Roemer Appellants had filed a separate complaint that was time barred, see id. at * 4-* 6.
 
 
 2
 The judgment of the District Court in 97 Civ. 4488, entered May 1, 1998, and the partial judgment of the District Court in 97 Civ. 4016, certified under Fed.R.Civ.P. 54(b), and entered July 7, 1998, are affirmed.